EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

OMER G. POIRIER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 8 2002

at ___ o'clock and ___ min ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 00-00468 DAE |
| Plaintiff, ) | SUPERSEDING INDICTMENT |
| vs. ) | [8 U.S.C. § 1324(a)(1)(A)(v); |
| TAKAO ASAYAMA, ) | 18 U.S.C. § 1956(h), |
| Defendant. ) | 18 U.S.C. § 1956(a)(2)(A)] |

INDICTMENT

COUNT 1

The Grand Jury charges:

Introduction

1.  Under the Visa Waiver program, Japanese citizens who are visiting the United States for the purpose of sightseeing, may enter the United States without a visa as long as there is nothing in their background that would disqualify them from entering the United States.

2. Japanese citizens seeking to enter the United States to work in the United States must obtain a visa and the appropriate authorization from the Immigration and Naturalization Service.

3. Immigration law prohibits aliens from entering under the visa waiver program if they are entering for the purpose of working and prohibits them from remaining in the United States if they have worked after entering under the visa waiver program.

### The Scheme

4. From an unknown date, but at least as early as June, 1999 to January 2000, in the District of Hawaii and elsewhere, the Defendant, TAKAO ASAYAMA, did knowingly and intentionally conspire and agree with persons known and unknown to the grand jury to commit the following offenses against the United States:

   a. Transporting aliens within the United States knowing or in reckless disregard of the fact that the aliens had come to, entered or remained in the United States in violation of law in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii);

   b. Harboring aliens knowing or in reckless disregard of the fact that the aliens had come to, entered or

remained in the United States in violation of law in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

    c. Encouraging and inducing aliens to come, to enter and reside in the United States knowing that such coming to, entry and residence will be in violation of law in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

<u>Manner and Means</u>

    5. It was part of the manner and means of the conspiracy that members of the conspiracy would recruit female Japanese citizens to do nude internet modeling in the United States.

    6. It was part of the manner and means of the conspiracy that a member of the conspiracy would instruct the female Japanese citizens who were recruited to do nude internet modeling in the United States that they should tell the Immigration and Naturalization Service that their purpose in coming the United States was "sightseeing."

    7. It was part of the manner and means of the conspiracy that the female Japanese citizens who were brought from Japan to the United States to do nude internet modeling would live and work at 1155 Hala Drive, Honolulu, Hawaii, a residence rented by co-conspirator Akira Sekimoto.

Overt Acts

8. In furtherance of the conspiracy and in order to effect the objectives thereof, the conspirators performed the following overt acts, among others, in the District of Hawaii and elsewhere:

   a. In or around January, 1999, Defendant TAKAO ASAYAMA and co-conspirator Akira Sekimoto met and agreed that Akira Sekimoto would set up a live internet chat operation in the United States.

   b. In or around July, 1999, co-conspirator Akira Sekimoto contacted Defendant TAKAO ASAYAMA and advised him that a Japanese national who had been brought to Honolulu to work as an internet model at 1155 Hala Drive had been intercepted at Honolulu International Airport and had been refused entry into the United States because she admitted that she was going to be working in the United States. Defendant TAKAO ASAYAMA instructed co-conspirator Akira Sekimoto that the models should list a hotel as the place they were staying in the United States rather than their actual destination: 1155 Hala Drive.

   c. On or about August 1, 1999, two Japanese nationals entered the United States. Although they were planning on staying at 1155 Hala Drive, they listed an intended address of 415 Nahua Street, which is the address of a hotel in Waikiki.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v).

COUNT 2

The Grand Jury further charges:

From an unknown date, but at least as early as June, 1999 to the present, in the District of Hawaii and elsewhere, the Defendant, TAKAO ASAYAMA, did knowingly and intentionally conspire, combine, confederate, and agree together and with various other persons known and unknown to the grand jury knowingly and willfully to commit the following offenses which in some way affect interstate or foreign commerce and are transactions involving the use of a financial institution which is engaged in and the activities of which affect interstate and foreign commerce:

> a) conducting and attempting to conduct financial transactions with property that was the proceeds of a specified unlawful activity, to wit, violations of Title 8, United States Code, Section 1324(a)(1)(A), knowing that the property represented the proceeds of some form of unlawful activity while acting with the intent to promote violations of Title 8, United States Code, Section 1324(a)(1)(A) in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).
>
> b) conducting and attempting to conduct financial transactions with property that was the proceeds of a specified unlawful activity, to wit, violations of Title 8, United States Code, Section 1324(a)(1)(A),

5

knowing that the property represented the proceeds of some form of unlawful activity and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

c) transporting, transmitting and transferring a monetary instrument and funds from a place in the United States to or through a place outside the United States and from a place in the United States from or through a place outside the United States with the intent to promote the carrying out of an unlawful activity, to wit, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

d) knowingly engaging in monetary transactions by through, and to a financial institution in criminally derived property of a value greater than $10,000 that is derived from a specified unlawful activity, to wit, in violation of Title 18, United States Code, Section 1957.

## Manner and Means

It was part of the manner and means of the money laundering conspiracy that persons wishing to participate in Internet Chat sessions with the Japanese citizens who were

illegally brought to the United States would have to make credit card payments to MSBill. These credit card payments constitute proceeds of the Defendants alien smuggling violations.

It was part of the manner and means of the money laundering conspiracy that the credit card payments collected by MSBill would be paid to Lucy's Tiger Den.

It was part of the manner and means of the money laundering conspiracy that part of the credit card payments paid to Lucy's Tiger Den would be transmitted to Cyber Magic a company owned and operated by Takao Asayama.

It was part of the manner and means of the money laundering conspiracy that Defendant TAKAO ASAYAMA would cause the payments made to Cyber Magic to be transmitted from Latvia to Hawaii and Japan where they were received by co-conspirators Akira Sekimoto and Naoki Shimada.

It was part of the manner and means of the money laundering conspiracy that co-conspirator Akira Sekimoto would give the money to an employee who would pay rent on the house that was used to harbor the Japanese citizens who had been illegally brought to the United States and to make lease payments on vehicles that were used to transport the Japanese citizens who had been illegally brought to the United States.

It was part of the manner and means of the money laundering conspiracy that co-conspirator that co-conspirator

Naoki Shimada would use money wired to him in Japan to pay expenses associated with recruiting models.

### Overt Acts

8. In furtherance of the conspiracy and in order to effect the objectives thereof, the conspirators performed the following overt acts, among others, in the District of Hawaii and elsewhere:

   a. On or about August 12, 1999 defendant TAKAO ASAYAMA caused $37,600 to be wired from a Cyber Magic account in Latvia to co-conspirator Akira Sekimoto's account in Hawaii.

   b. On or about August 12, 1999 defendant TAKAO ASAYAMA caused $30,000 to be wired from a Cyber Magic account in Latvia through the Bank of New York in New York to co-conspirator Akira Sekimoto's Silicon Brain account in Japan.

   c. On or about August 26, 1999 defendant TAKAO ASAYAMA caused $20,000 to be wired from a Cyber Magic account in Latvia through the Bank of New York in New York to co-conspirator Akira Sekimoto's account in Hawaii.

   d. On or about September 10, 1999 defendant TAKAO ASAYAMA caused $49,000 to be wired from a Cyber Magic account in Latvia through the Bank of New York in New York to co-conspirator Akira Sekimoto's account in Hawaii.

   e. On or about September 10, 1999 defendant TAKAO ASAYAMA caused $35,000 to be wired from a Cyber Magic account in

Latvia through the Bank of New York in New York to co-conspirator Akira Sekimoto's Silicon Brain account in Japan.

  f. On or about October 14, 1999 defendant TAKAO ASAYAMA caused $105,000 to be wired from a Web Impact Account in California to co-conspirator Akira Sekimoto's Silicon Brain account in Japan.

  g. On or about November 16, 1999 defendant TAKAO ASAYAMA caused $10,000 to be wired from a Cyber Magic account in Sweden to co-conspirator Akira Sekimoto's account in Hawaii.

  h. On or about December 3, 1999 defendant TAKAO ASAYAMA caused $35,000 to be wired from a Web Impact in account in California to co-conspirator Akira Sekimoto's Silicon Brain account in Japan.

  i. On or about December 27, 1999 defendant TAKAO ASAYAMA caused $10,000 to be wired from a Cyber Magic account in Latvia through the Bank of New York in New York to co-conspirator Akira Sekimoto's account in Hawaii

  All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3

The Grand Jury further charges:

On or about the dates set forth below, in the District of Hawaii the Defendant TAKAO ASAYAMA, did knowingly and

willfully transmit and transfer funds from places inside the United States to and through places outside the United States and from places outside the United States to and though places in the United States with the intent to promote the carrying on of specified unlawful activity, that is, violation of Title 8, United States Code, Section 1324(a)(1)(A),

| Count | Date | Amount | From | To |
|---|---|---|---|---|
| 3 | 8/12/1999 | $37,600 | Latvia | through New York to Hawaii |
| 4 | 8/12/1999 | $30,000 | Latvia | through New York to Japan |
| 5 | 8/26/1999 | $20,000 | Latvia | through New York to Hawaii |
| 6 | 9/10/1999 | $49,000 | Latvia | through New York to Hawaii |
| 7 | 9/10/1999 | $35,000 | Latvia | through New York to Japan |
| 8 | 10/15/1999 | $105,000 | California | Japan |
| 9 | 11/16/1999 | $10,000 | Latvia | through New York to Hawaii |
| 10 | 12/3/1999 | $35,000 | California | Japan |
| 11 | 12/27/1999 | $10,000 | Latvia | through New York to Hawaii |

All in violation of Title 18, United States Code, Section 1956(a)(2)(A).

DATED: March 28, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
OMER G. POIRIER
Assistant U.S. Attorney

<u>UNITED STATES vs. TAKAO ASAYAMA</u>
Cr. No. 98-00105 SOM
"Superseding Indictment"

11